Honorable Robert J. Bryan

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

JACK POTTER,

                Plaintiffs,

vs.

CITY OF LACEY and KEN SEMKO,

                Defendants.

CASE NO.  3:20-cv-05925-RJB

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

**NOTE FOR CONSIDERATION:**

**Friday, December 4, 2020**

### I.  MOTION

COMES NOW defendants, by and through their counsel of record, and moves this Court pursuant to Fed. R. Civ. P. 56 for an Order of Summary Judgment.  This motion is based on the pleadings and other documents on file in this case, the following Memorandum in Support of Summary Judgment, and the supporting declarations with their respective exhibits.  These pleadings, documents and other materials show that there is no genuine issue of material fact regarding the plaintiffs' claims targeted by this motion and that these defendants are entitled to an Order of Summary Judgment.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 1**
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

## II.  FACTS

According to his complaint, the plaintiff was a resident of Lacey, Washington, until October, 2019, when he claims he moved his travel trailer, in which he currently lives, outside the City limits.  *Complaint*, Dkt. 1-2, ¶ 26.  Just prior to moving his trailer to somewhere outside the City, the plaintiff had it parked for approximately five months in the Lacey City Hall parking lot.  *Id.,* ¶ 67.  According to the Complaint, the passage of two ordinances by the Lacey City Council, Nos. 1549 and 1551, led to his decision to move his trailer outside the City.  *Id.*, ¶¶ 68 & 70.

### A.      Lacey City Ordinance 1549.

Ordinance 1549 was passed by the City Council on June 13, 2019.  *Justice Dec.*, ex. 1.  It makes it unlawful for a person to camp or store personal property in "any park", "any street", or "any publicly owned parking lot or publicly owned area, improved or unimproved."  *Id.*  The Ordinance contains a provision which limits enforcement and directs that no citation be issued if the investigating officer determines the camping is "due to homelessness" and "adequate shelter space" is not available to accommodate the person.  *Id.*  Subsequently, on November 14, 2019, the City Council enacted Ordinance No. 1557, which clarified that the enforcement limitations of Ordinance No. 1549 only applied "between the hours of 10 pm and 7 am." Ordinance No. 1549 further provided that the enforcement limitations did not apply in residential zones, that "[a]t no time shall camping be allowed in residential areas.  *Justice Dec.*, ex. 2.

There is no evidence that the plaintiff was ever subject to any actual or threatened enforcement action under this Ordinance.

**B.      Lacey City Ordinance 1551.**

Ordinance No. 1551 was passed by the City Council on September 12, 2019. *Justice Dec.*, ex. 3. It authorizes the City's public works director, with the "concurrence of the police chief" to "erect signs prohibiting parking or limiting the hours for parking upon the improved or unimproved portion of any public street, highway, alley, right-of-way, or publicly owned parking lot." *Id.* Pertinent here, the Ordinance also restricts the parking of a recreational vehicle, such as the one owned by the plaintiff, "upon the improved or unimproved portion of any public street, highway, alley, right-of-way, or publicly owned parking lot for more than four hours, with the following exceptions:

1.      Such vehicles may be parked temporarily for the purpose of loading or unloading of the vehicle; and

2.      Such vehicle has been issued a permit pursuant to section 10.14.045 of this chapter and said permit is affixed to the front window of the vehicle in a place clearly visible from the outside of the vehicle."

*Id.*

Violations of Ordinance 1551 can result in the issuance of a non-criminal parking infraction, a monetary penalty, and potential vehicle impoundment. *Id.*

As indicated, the Ordinance's restrictions on the parking of recreational vehicles do not apply if a City issued permit has been obtained and is properly displayed. *Id.* The Ordinance authorizes the City Manager to develop policies and procedures to govern the permitting process. *Id.*

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 3
**Case No.: 3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

The Policies and Procedures published by the City Manager's Office provide for "limited and specific exceptions to the parking standards set forth in [the Ordinance]." *Id.* The Policies and Procedures provide for the Lacey Police Department to issue permits to either "residents" or "non-residents." *Id.* The Policies and Procedures allow for a "resident" permit for homeowners and renters in the City as follows:

A Lacey homeowner or renter may request a temporary parking permit for relatives or friends visiting Lacey. The issued permit will be valid within residential zones for a properly registered and tabbed recreational vehicle. The vehicle obtaining the permit must be legally parked within 150 feet of the property of the Lacey resident. *The temporary parking permit allows temporary parking up to 48 consecutive hours on City streets provided that no driveway or entrance is blocked and no clear-vision hazards are created by the location of the vehicle.* Permits do not allow electrical cords, hoses, awnings, slide-outs, or other accessories extending from the vehicle in question. No items may be removed from the vehicle and placed in the City right-of-way.

A Lacey homeowner or renter may request no more than four (4) temporary parking permits per year. Additionally, no vehicle is eligible for more than four (4) temporary parking permits per year. Only one (1) permit will be issued to a Lacey homeowner or renter at a time. Requests for temporary parking permits may be made through the Police Department.

In order to obtain a temporary parking permit for a relative or friend visiting, a Lacey resident must provide the following:

• Proof of residency.
• License plate number of the recreational vehicle receiving the permit.
• Address or location where the vehicle will be parked.

All recreational vehicles visiting Lacey must meet all standards and requirements to legally operate on City right-of-ways.

Once a temporary parking permit is issued, it must be displayed clearly from the front window of the vehicle. If the tow vehicle is disconnected from the trailer, the permit must be clearly placed in a roadside window of the trailer. Please note, truck-mounted campers must remain connected to a vehicle at all times.

*Id.*, (emphasis added).

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 4
**Case No.: 3:20-cv-05925-RJB**

The Policies and Procedures provide for a "non-resident" permit as follows: the issuance of a permit for a "recreational vehicle operated by a non-resident who is actively engaged with social services" to park "in a designated permitted parking area." *Justice Dec.*, ex. 4. The permit applies to the vehicle and all occupants of the vehicle must be disclosed so that the City can conduct a background check to determine warrant status and registered sex-offender status. *Id.*, pg. 4. According to the Policy, the Police Department "may" deny a permit if a background check reveals that an occupant of the RV has any of the following: an existing or outstanding warrant from any jurisdiction in the United States or if any occupant is a registered sex offender required to register with the County Sheriff or their county of residence pursuant to RCW 9A.44.130. *Id.*

Additionally, "[t]he issued permit will only be valid within designated areas of the City for the period indicated on the permit not to exceed 12 hours per day. *Id.* Designated areas will be set up in such a manner to preserve public sanitation and public security." *Id.* Visitors are not allowed to enter the "designated parking area." *Id.*

Finally, the Policies and Procedures allow for the Director of Parks and Recreation to issue permits for recreational vehicles to organizers and/or participants at park events. *Id.*

Plaintiff does not claim that he has applied for a permit to park his RV under Ordinance 1551. Although the Plaintiff claims police threatened to tow his trailer if he did not move it from a prohibited location, his travel trailer was never seized. Dkt. No. 1-2, pg. 10, ¶ 91. Nor has plaintiff presented any evidence that he has been subjected to a monetary penalty. Plaintiff claims that he now parks his travel trailer outside of the City of Lacey. *Id.*, ¶ 93.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 5
**Case No.: 3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

### III.  LAW AND ARGUMENT

**A.**     **Standards on Summary Judgment.**

Summary judgment "is an important procedure 'designed to secure the just, speedy and inexpensive determination of every action.'" *Smith v. Board of County Commissioners*, 216 F.Supp.2d 1209, 1213-1214 (D. Kan. 2002), *quoting, Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).  Under FRCP 56(c), summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . .  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.,* 477 U.S. at 247-248.

The "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but    . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*, 477 U.S. at 248, *quoting, First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289, 88 S.Ct. 1575 (1968) (emphasis added.)  When "the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001).  *See also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000) (holding that the *Celotex* "showing" can be made by "pointing out through argument--the absence of evidence to support plaintiff's claim").

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 6
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1

**B.     Ken Semko is Entitled to Summary Judgment Based on Qualified Immunity.**

2

3       The plaintiff's complaint asserts that Ken Semko is the now retired Chief of Police of the

4   City of Lacey.  Dkt. 1-2, pg. 2.  The only reference to Mr. Semko in the complaint is an

5   allegation that he "is responsible for the enforcement of the" Policies and Procedures issued

6   pursuant to Ordinance 1551.

7       **1.     Qualified Immunity Analysis.**

8       The Supreme Court has noted that government officials sued for alleged constitutional

9

10  violations are entitled to qualified immunity "insofar as their conduct does not violate clearly

11  established statutory or constitutional rights of which a reasonable person would have known."

12  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982).  The "central purpose of

13  affording public officials qualified immunity is to protect them 'from undue interference with

14  their duties and from potentially disabling threats of liability.'"  *Elder v. Holloway*, 510 U.S.

15  540, 114 S.Ct. 1019 (1994).   The "qualified immunity defense allows for mistaken judgments

16  and protects 'all but the plainly incompetent or those who knowingly violate the law.'"  *Sinaloa*

17  *Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir. 1995) (emphasis

18  added), *quoting Hunter v. Bryant*, 502 U.S. 224, 229, 112 S.Ct. 534 (1991) (per curiam.)  This

19  accommodation for reasonable error exists because "officials should not err always on the side

20  of caution because they fear being sued."  *Id.* at 229.  As long as an official could reasonably

21  have thought his actions to be consistent with the rights he is alleged to have violated, he is

22  entitled to immunity.  *Anderson v. Creighton*, 483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523

23  (1987).

24

25

26

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 7
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

The plaintiff has the burden of demonstrating that each named defendant's conduct "violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001).  If he fails to meet that burden, then that named defendant is entitled to qualified immunity.  *Id.*  If the question cannot be resolved as a matter of law, then the Court must proceed to ask whether the plaintiff has established that "it would be clear to [the defendant ] that [their] conduct was unlawful in the situation [they] confronted." *Id.* at 202.  "If the law did not put [them] on notice  that [their] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* (Emphasis added).  *See, e.g., Brosseau v. Haugen*, 125 S.Ct. 596, 600, n. 4, 160 L.Ed.2d 583 (2004) (Noting that cases that postdate the conduct in question cannot give "fair notice" to police officers and "are of no use in the clearly established inquiry.")

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, 'the contours of a right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'"  *Ashcroft v. al-Kidd*, 563 U.S. 731, , 131 S.Ct. 2074, 2083  (2011); *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).  In response to a claim of qualified immunity, it is not sufficient to allege the violation of "abstract rights." *Id.* at 639, 107 S.Ct. 3034. Rather, the right the officials are alleged to have violated must be "'clearly established' in a more particularized, and hence more relevant, sense." *Id.* at 640, 107 S.Ct. 3034; *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir.2009).  More recently, the Supreme Court in *City and County of San Francisco, Calif. v. Sheehan*, 135 S.Ct. 1765, 1775-76, 191 L.Ed.2d 856 (2015) noted that "[q]ualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from unreasonable searches and seizures."

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 8**
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

In *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808 (2009), the Court reiterated the two question analysis for qualified immunity announced in *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001).  However, it concluded that, "while the sequence set forth in [*Saucier*] is often appropriate, it should no longer be regarded as mandatory.  The Judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson*, 129 S.Ct. at 818.

### 2.    Supervisor Liability for Civil Rights Violations.

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207  (9th Cir.2011). *See, also Perini v. Zagyva*, 2018 WL 5624289, pg. 2 (D. Or. 2018) ("Liability under § 1983 arises only upon a showing of personal participation by the defendant," and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."), *quoting, Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability).

Plaintiff has produced no evidence that Mr. Semko never performed any enforcement or other function under the Policies and Procedures, regarding the plaintiff or anyone else. Plaintiff does not indicate whether Mr. Semko is being sued in his official or personal capacity. If he is being sued in his personal capacity he is entitled to qualified immunity because there is

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 9**
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

no evidence he personally participated in the alleged deprivation of the plaintiff of his civil rights, or "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  If he is being sued in his official capacity, such a claim is  functionally identical to Plaintiff's claims against the City of Lacey.  *Will v. Dep't of State Police*, 491 U.S. 58, 71 (1989) (noting that "official capacity" claims are "no different from a suit against the [entity] itself").  Because Plaintiff is contemporaneously suing Lacey under Section 1983, any "official capacity" claim against Mr. Semko is completely redundant and should be dismissed.

**C.      Plaintiff's Federal Constitutional Claims Fail.**

In any claim brought under 42 U.S.C. § 1983, the constitutional provision or federal statutory right allegedly violated must be identified.  *Albright v. Oliver,* 510 U.S. 266, 271, 114 S.Ct. 807 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred. . . The first step in any such claim is to identify the specific constitutional right allegedly infringed."  (internal citation omitted))

Plaintiffs' complaint asserts federal causes of action under the following Amendments to the U.S. Constitution:  Fourteenth Amendment Due Process Clause, the Eighth Amendment, the First Amendment and the Fourth Amendment.

**1.      As applied vs. facial challenges to Ordinances.**

Plaintiff's complaint does not specifically indicate whether he is making a facial or an as-applied challenge to the City's camping and parking ordinances.  A facial challenge would require the plaintiff to establish the ordinance in question "is unconstitutional in every conceivable application, or it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally overbroad." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir.1998).

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 10
Case No.:  3:20-cv-05925-RJB

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Plaintiff's complaint does not make such an allegation and thus any facial challenge to the City's parking and camping ordinances are subject to dismissal.

That leaves only claims that these ordinances are unconstitutional "as-applied" to the plaintiff.

**2.        Standing Requirement.**

Plaintiff bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).  Article III standing requires an (i) injury-in-fact, (ii) that is causally connected to the City's challenged conduct, and (iii) likely to be "redressed by a favorable decision." *Id.* at 560-61, 112 S.Ct. 2130 (*quoting Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 27, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)). The alleged injury-in-fact must be: (i) "concrete and particularized" and (ii) "actual or imminent, not 'conjectural' or 'hypothetical.' " *Lujan,* at 560, 112 S.Ct. 2130.  To establish standing to obtain injunctive relief, "the plaintiff must demonstrate a real or immediate threat of an irreparable injury." *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001); *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 617 (9th Cir 1999).

Standing is jurisdictional and is not subject to waiver. *See Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996).  Jurisdictional challenges can be raised at any time in the proceedings. *See United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998).

**3.        Fourteenth Amendment – Right to Travel.**

In *Tobe v. City of Santa Ana*, 9 Cal.4th 1069, 892 P.2d 1145, 1162 (1995), the petitioners challenged a City of Santa Ana ordinance that prohibited "camping' and storage of personal property, including camping equipment, in designated public areas."  The petitioners alleged, in part, that the Ordinance burdened their "right to travel" protected by the U.S. Constitution.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 11**
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

*Id.* at 1096-97.  The Court first explained, that "[t]he right to travel, or right of migration, now is seen as an aspect of personal liberty which, when united with the right to travel, requires 'that all citizens be free to travel throughout the length and breadth of our land uninhibited by statutes, rules, or regulations which unreasonably burden or restrict this movement.'" *quoting, Shapiro v. Thompson,* 394 U.S. 618, 630, 89 S.Ct. 1322, 1329 (1969).  The Court noted, however, that the right to travel does not, "endow citizens with a 'right to live or stay where one will.' While an individual may travel where he will and remain in a chosen location, that constitutional guaranty does not confer immunity against local trespass laws and does not create a right to remain without regard to the ownership of the property on which he chooses to live or stay, be it public or privately owned property." *Tobe*, 892 P.2d at 1165.  Thus, as the Court concluded, "Santa Ana [had] no constitutional obligation to make accommodations on or in public property available to the transient homeless to facilitate their exercise of the right to travel." *Id.*

Application of the constitutional right to travel in cases brought by homeless individuals was discussed in *Roulette v. City of Seattle,* 850 F. Supp. 1442 1447-48 (W.D. WA 1994).  In *Roulette* the plaintiffs argued that an ordinance that prohibited "sitting or lying on public sidewalks in commercial areas during certain hours" impeded their "ability to travel to and remain in the downtown and other commercial areas of Seattle, and that the City lack[ed] any compelling reason for the broad prohibitions found in the sidewalk ordinance." *Id.*  The Court rejected a challenge to the ordinance based on the right to travel based, in part, on the fact the ordinance did not prohibit individuals from accessing commercial areas of the City, it only prohibited certain activities (sitting or lying) at certain places (sidewalks) and at certain times (7 a.m. to 9 p.m.)  *Id.* at 1448.  *See also,  Davison v. City of Tucson*, 924 F. Supp. 989 (D.

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 12
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Arizona 1996) ("In all likelihood, the fundamental right to interstate travel is not implicated in the instant case. The Defendants' action does not impede the travel of any of the named plaintiffs because they do not seek to travel anywhere; they seek only to remain.")

In this case, plaintiff is free to travel into the City of Lacey at any time and remain there as long as he wants. The parking ordinance only regulates where, and how long, he can park his travel trailer on "the improved or unimproved portion of any public street, highway, alley, right-of-way, or publicly owned parking lot." Moreover, plaintiff is seeking the ability to park his travel trailer, free of charge, on public property for an indefinite period of time. There is no evidence that plaintiff could not park his travel trailer within the City at a paid location. There is no authority for a "right to travel" cause of action under these facts. Summary judgment should be granted on the Plaintiff's constitutional right to travel cause of action.

**4.  Eighth Amendment.**

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII. The Supreme Court has indicated that "the Cruel and Unusual Punishments Clause circumscribes the criminal process in three ways: First, it limits the kinds of punishment that can be imposed on those convicted of crimes, (citation omitted); second, it proscribes punishment grossly disproportionate to the severity of the crime, (citation omitted); and third, it imposes substantive limits on what can be made criminal and punished as such, (citation omitted). *Ingraham v. Wright*, 430 U.S. 651, 667, 97 S. Ct. 1401, 1410, 51 L. Ed. 2d 711 (1977). The Court noted that the third "limitation as one to be applied sparingly. 'The primary purpose of (the Cruel and Unusual Punishments Clause) has always been considered, and properly so, to be

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 13
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1  directed at the method or kind of punishment imposed for the violation of criminal statutes.'"

2  *Id., citing, Powell v. Texas,* 392 U.S. 514, 531-32, 88 S.Ct. 2145 (1968).

3      The plaintiff has not presented any evidence that he has been subject to enforcement

4  action under the camping ordinance.  Plaintiff's therefore lacks standing to challenge that

5  ordinance under the Eighth Amendment.  Regarding the parking ordinance, it does not create

6  any criminal penalty for its violation – it provides a possible non-criminal parking infraction

7  and a potential monetary penalty.  Plaintiff has provided no authority for the proposition that a

8  City's regulation of parking on its street and City owned property implicates the Eighth

9  Amendment.  Nor has plaintiff presented any evidence that he has been subjected to a

10  monetary penalty.  Summary judgment should be granted on this claim.

11

12      **5.      First Amendment – Freedom of Association.**

13      "There are two distinct forms of freedom of association: (1) freedom of intimate

14  association, protected under the Substantive Due Process Clause of the Fourteenth

15  Amendment; and (2) freedom of expressive association, protected under the Freedom of

16  Speech Clause of the First Amendment." Erotic Serv. Provider Legal Educ. & Research Project

17  v. Gascon, 880 F.3d 450, 458 (9th Cir. 2018).

18      Although "intimate association receives protection as a fundamental element of

19  personal liberty," that protection "extends only to 'certain kinds of highly personal

20  relationships.' " Gascon, 880 F.3d at 458 (citing U.S. Jaycees, 468 U.S. at 617–18, 104 S.Ct.

21  3244; then quoting id. at 618, 104 S.Ct. 3244). "The personal affiliations that exemplify the[ ]

22  considerations [undergirding the protection afforded to intimate associations] … are those that

23  attend the creation and sustenance of a family." U.S. Jaycees, 468 U.S. at 619, 104 S.Ct. 3244.

24  "As a general matter, only relationships with these sorts of qualities are likely to reflect the

25

26

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 14**
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

considerations that have led to an understanding of freedom of association as an intrinsic element of personal liberty. Conversely, an association lacking these qualities—such as a large business enterprise—seems remote from the concerns giving rise to this constitutional protection." Id. at 620, 104 S.Ct. 3244.

Plaintiff alleges that because the designated permitted parking provided for in the City's Policies and Procedures issued pursuant to Ordinance No. 1551 prohibit visitors from entering the parking area, his right to freedom of association is violated.  First, the plaintiff lacks standing to assert this cause of action because he has never applied for a permit to park in the designated permitted parking area, nor is there evidence that plaintiff has been unable to associate with anyone of his choosing at any time, let alone someone with whom he is in a highly personal relationship.  Plaintiff has failed to provide evidence or authority for this cause of action.

**6.      Fourteenth Amendment –Due Process/Facial Vagueness.**

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Pickup v. Brown*, 740 F.3d 1208, 1233 (9th Cir.), cert. denied, 134 S.Ct. 2871 (2014) *and cert. denied sub nom. Welch v. Brown*, 134 S.Ct. 2881 (2014) (*quoting Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [ordinance] would be valid." *Alphonsus v. Holder*, 705 F.3d 1031, 1042 (9th Cir.2013) (*quoting United States v. Salerno*, 481 U.S. 739, 745 (1987)).

"[T]o succeed on a facial vagueness challenge under the ... Due Process Clause, the challenger must 'prove that the enactment is vague 'not in the sense that it requires a person to

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 15
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" *Id.* (*quoting Vill. Of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982)). Thus, an ordinance is void for vagueness if people "of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Zara*, 599 Fed. App'x 799, 800 (9th Cir. Apr. 17, 2015) (*quoting United States v. Hugs*, 384 F.3d 762, 768 (9th Cir.2004)). "Uncertainty at a statute's margins will not warrant facial invalidation if it is clear what the statute proscribes in the vast majority of its intended applications." *Pickup*, 740 F.3d at 1233 (quotation marks and modifications omitted).

Plaintiff's complaint asserts that the process to obtain a non-resident parking permit is "facially vague" because it provides the police department with "unfettered discretion to grant or deny such a permit." Dkt. 1-2, pg. 12, ¶ 102. The plaintiff has never applied for a non-resident permit and thus whether it would have been issued or not is unknown. Facial challenges to enactments are "generally disfavored" because they assert the legal rights and interests of third parties. *Dickerson v. Napolitano*, 604 F.3d 732, 741-42 (2010). Further, the plaintiff must demonstrate that "no set of circumstances exists under which the [law] would be valid." *United States v. Salerno*, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). The *Salerno* standard "effectively eliminates facial challenges outside of the First Amendment context that could not also be brought as an as-applied challenge, since any law that is unconstitutional in every set of circumstances *is also necessarily unconstitutional when applied to any plaintiff.*" *Dickerson*, 604 F.3d at 743-44 (emphasis added). The denial of a non-resident parking permit does not implicate First Amendment rights. Moreover, Plaintiff is

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 16**
**Case No.: 3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

1    not asserting an "as-applied" challenge because he has never sought a non-resident permit.

2    Thus, it is not clear that he can even assert a facial challenge to the Policy in question.

3            However, even if he could, the Policy is not *facially* vague.  The City's Policies and

4    Procedures in question provide as follows:

5
6            To be eligible for a temporary parking permit, an individual must be actively
             engaged in social services and must have proof of the following:

7            •       Valid government issued identification.
8            •       Valid vehicle insurance.
             •       Valid vehicle registration.

9            At the time the permit is issued, the driver of the vehicle must disclose all other
10           occupants of the vehicle. The Lacey Police Department will conduct a background
             check on the driver and all persons who occupy the vehicle for outstanding in-
11           state and out-of-state warrants and registered sex offender status.

12           The Lacey Police Department may deny a permit if said background check
13           reveals:

14           •       Any occupant of the vehicle to have an existing or outstanding warrant
             from any jurisdiction in the United States.
15
16           •       Any occupant of the vehicle to be a registered sex offender required to
             register with the County Sheriff or their county of residence pursuant to RCW
17           9A.44.130.

18           In order to receive a permit, the vehicle must meet all standards and
             requirements to legally operate on City right-of-ways.
19
20   *Justice Dec.*, ex. 4.

21           To be "actively engaged with social services" is defined by the Policy to mean "[t]hose

22   persons confirmed to be working with Thurston County-based social service providers to seek

23   permanent housing."  *Id.*

24           The non-resident permit policy and procedures clearly provides applicable standards for

25   granting or denying the application that are comprehensible to a person of common

26

**DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN
SUPPORT** – 17
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

intelligence.  The plaintiff appears to argue that the policy is "facially vague" solely because its use of the term "may" provides *discretion* to deny the non-resident parking permit *if* an applicant has an outstanding warrant or is a registered sex offender.  However, in order to find an enactment that is enforced by the police unconstitutionally vague, it must lack even "minimal guidelines" to govern the conduct of law enforcement.  *See Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974).

Here, the Policy provides that law enforcement must conduct a background check on any occupants of the vehicle and if the check reveals outstanding warrants or sex offender registrants, the permit application may be denied.  The Policy does not mandate denial, but it clearly provides guidelines for both granting and denying the permit.  Denial is only an option *if* there are outstanding warrants or the person is a registered sex offender.  Thus, minimal guidelines are provided to the Police Department.

In addition, plaintiff must "demonstrate that the law is impermissibly vague in all of its applications." *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497, 102 S. Ct. 1186, 1193 (1982)  As to persons who do not have outstanding warrants and are not registered sex offenders, the Policy is clear.  Such individuals can expect to receive a permit if their vehicle complies with the other specific requirements of the Policy and they are "engaged in social services."  Because the Policy is not vague "in all of its applications", it cannot be considered facially vague.  Summary judgment should therefore be granted on this claim.

**7.     Fourth Amendment – Unreasonable Seizure.**

The Fourth Amendment "protects two types of expectations, one involving 'searches,' the other 'seizures.' A 'search' occurs when the government intrudes upon an expectation of privacy that society is prepared to consider reasonable. A 'seizure' of property occurs when

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT – 18**
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). Under Article III, a federal court only has jurisdiction to hear claims that present an actual "case or controversy." *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). The issues presented must be "definite and concrete, not hypothetical or abstract." *Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93, 65 S.Ct. 1483, 89 L.Ed. 2072 (1945). In order satisfy this prerequisite, a plaintiff must demonstrate that he has suffered an "injury-in-fact," i.e., that he faces "a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979).

Plaintiff's travel trailer was never seized by the City.  His Fourth Amendment claim thus fails because he has not suffered an "injury in fact" and thus lacks standing to assert this cause of action.

**D.      Municipal Liability not Established under 42 U.S. C. § 1983.**

To establish municipal civil rights liability under *Monell v. N.Y. City Dept. of Soc. Svcs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978), plaintiff must prove that (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was the moving force behind the constitutional violation.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Accordingly, while *Monell* claims cannot predicate municipal liability for constitutional violations of its officers under the theory of respondeat superior, *Monell*, 436 U.S. at 691, 98 S.Ct. 2018, such claims are still "contingent on a violation of constitutional rights." *Scott v.*

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 19
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

1    *Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (holding that "municipal defendants cannot be held

2    liable because no constitutional violation occurred").

3        As explained above, plaintiff has failed to establish a constitutional violation caused by

4    the City's ordinances, and thus the City is entitled to summary judgment on plaintiff's federal

5    causes of action.

6

7  **E.**    **State Law Claims.**

8      **1.**    **No Damages Available.**

9        Plaintiff asserts several claims based on the Washington State Constitution.  First, there

10   is no cause of action for damages under the State Constitution.  *Hannum v. Washington State*

11   *Dept. of Licensing*, 144 Wn. App. 354, 181 P.3d 915 (2008) ("no Washington case has

12   recognized tort damage claims for an alleged violation of the state constitution without the aid

13   of argumentative legislation.")  The plaintiff also failed to comply with Washington State's tort

14   claim statute.  *Schneider Dec.*.  Thus, to the extent plaintiff seeks damages for the alleged

15   violations of the Washington State Constitution, those claims should be dismissed.

16

17     **2.**    **Right to Freedom of Travel.**

18       No Washington State Constitutional provision is cited in support of this cause of action

19   and counsel for the defense has found no case establishing a state constitutional right to freedom

20   of travel.  This cause of Action (Second) should be dismissed on summary judgment.

21     **3.**    **Banishment – Art. I., § 14.**

22

23       Article I, § 14 of the Washington State Constitution states that "Excessive bail shall not

24   be required, excessive fines imposed, nor cruel punishment inflicted."  While the 8[th]

25   Amendment has been interpreted to provide "substantive limits on what can be made criminal

26   and punished as such" Art. I, § 14 has not.  *State v. Cook*, 26 Wn. App. 683, 686, 614 P.2d 215

**DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN
SUPPORT – 20**
**Case No.: 3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

(1980) ("It is the prerogative of the legislature to determine the kinds and severity of punishment appropriate to each offense and to each degree of a given offense, subject only to the limitations that it not be cruel or unusual, or call for excessive fines.")  Nor has plaintiff cited authority that the Article I, § 14 applies to non-criminal traffic infractions.

Finally, plaintiff has cited no authority for the proposition that not being able to park an RV for an unlimited period of time on public property within City limits constitutes "banishment" from the City.  Summary judgment should be granted on for this cause of action.

### 4.  Threatened Impoundment – Art. I, § 7.

Article I, § 7 of the Washington State Constitution states "No person shall be disturbed in his private affairs, or his home invaded, without authority of law."  While impounding a vehicle may be a seizure under this provision of the State Constitution, plaintiff has cited no authority for the proposition that a threatened impound constitutes a seizure under Washington law.  *See, e.g., State v. Villela*, 194 Wn.2d 451, 450 P.3d 170 (2019).  Because plaintiff's Trailer was not impounded, this provision of the State Constitution was not violated.  Summary judgment should be granted on for this cause of action.

## F.  Declaratory and Injunctive Relief.

Plaintiff's complaint seeks a declaratory judgment stating defendants violated his federal and state constitutional rights.  However, "a declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017).  Plaintiff also seeks an injunction prohibiting enforcement of the parking ordinance against him.  As noted above, plaintiff lacks standing to seek injunctive relief because he cannot "demonstrate a real or immediate threat of an irreparable injury."

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** – 21
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

1  *Clark, supra,* 259 F.3d at 1007.  Thus, the request for a declaratory judgment and injunctive

2  relief should be dismissed.

3                                     **IV.  CONCLUSION**

4          For the foregoing reasons, the Defendants request that this Court grant their motion for

5  summary judgment.

6
          DATED this 12th day of November, 2020.
7

8                                              LAW, LYMAN, DANIEL,
                                               KAMERRER & BOGDANOVICH, P.S.
9
                                                   *s/ John E. Justice*
10                                         _____
                                           John E. Justice, WSBA № 23042
11                                         Attorney for Defendants
                                           P.O. Box 11880, Olympia, WA 98508
12                                         Phone:  (360) 754-3480 Fax: 360-754-3480
                                           Email:  jjustice@lldkb.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN
SUPPORT** – 22
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

1

## CERTIFICATE OF FILING & SERVICE

2

3

I certify under penalty of perjury under the laws of the United States of America and the

4

State of Washington that on the date specified below, I electronically filed the foregoing

5

document, as well as the Declaration of John E. Justice, with four exhibits, with the Clerk of

6

the Court using the CM/ECF system and served counsel for parties via e-mail as follows:

7

**Plaintiffs Attorneys:**

8

James E. Lobsenz
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
lobsenz@carneylaw.com

9

10

11

Carrie Graf
711 Capitol Way South, Suite 704
Olympia, WA 98501
Carrie.graf@nwjustice.org

12

13

14

Dated this 12th day of November, 2020 at Tumwater, Washington.

15

16

_____
*s/ John E. Justice*
John E. Justice

17

18

19

20

21

22

23

24

25

26

**DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND MEMORANDUM IN
SUPPORT** – 23
**Case No.:  3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511*