1

Honorable Robert J. Bryan

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON AT TACOMA
8

JACK POTTER,

9                     Plaintiff,                NO. 3:20-cv-05925-RJB

10        v.                                    PLAINTIFF'S SUPPLEMENTAL
                                                BRIEF ON CRUEL AND UNUSUAL
11   CITY OF LACEY, and KEN SEMKO,              PUNISHMENT

12                    Defendants.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S SUPPLEMENTAL BRIEF ON CRUEL AND
UNUSUAL PUNISHMENT
(3:20-cv-05925-RJB)                                      **CARNEY BADLEY SPELLMAN, P.S.**
                                                           701 Fifth Avenue, Suite 3600
POT011-0001 6485957.docx                                    Seattle, WA 98104-7010
                                                                (206) 622-8020

Plaintiff maintains that as applied to him and other homeless people, both impoundment and the monetary fine constitute cruel and unusual punishments for this parking infraction.

**A.   Since LMC 10.14.040 labels the fine for this infraction as a monetary "penalty," by definition it is a punishment. Moreover, any sanction imposed for the purpose of deterrence is a punishment and impoundment is a sanction designed to deter.**

There is no ambiguity in the word "penalty."[1] "A 'penalty' is a 'punishment, whether corporal or pecuniary, imposed and enforced by the State, for a crime or offen[s]e against its laws.'" *Kokesh v. SEC*, 137 S.Ct. 1635, 1642 (2017). Moreover, by definition "[s]anctions imposed for the purpose of deterring infractions of public laws are inherently punitive ...." *Kokesh,* 137 S.Ct. at 1643.[2]  "Deterrence ... has traditionally been viewed as a goal of punishment." *United States v. Bajakajian*, 524 U.S. 321, 329 (1998).[3]

LMC §10.14.040 is entitled "**Violation–Fine–Vehicle Impoundment.**"  It states:

> The violation of any of the provisions of this chapter shall constitute a parking infraction, with a monetary **penalty** not exceeding $450.  Violations of the provisions of 10.14.010 through 10.14.030 of this chapter shall have a monetary **penalty** of $35.00.  **In addition** to the issuance of a notice of infraction, **a police officer may order the impoundment or removal** to a place of safety of any vehicle found in violation of the provisions of this chapter.

(Emphasis added).  Cities routinely enact vehicle impound statutes for the purpose of deterring illegal driving or parking.  "[N]ot only does towing implement the regulations directly, by removing cars parked in violation of them, but the threat of towing *deters* violations, as every driver knows." *Sutton v. Milwaukee,* 672 F.2d 644, 646 (7th Cir. 1982) (italics added).[4]  LMC

---

[1] Virtually every dictionary defines penalty as a word meaning punishment.  Moreover, the word penalty is derived from the Latin word "poena" which, means "of or pertaining to punishment by law."  See "Origin and Meaning of Penal," *Online Etymological Dictionary* at www.etymonline.com/word/penal

[2] The Court held that the civil sanction of disgorgement was "imposed for punitive purposes ... in order to ... protect the investing public *by providing an effective deterrent* to future violations ... [D]eterrence is not simply *an incidental effect* of disgorgement. Rather, *[t]he primary purpose of disgorgement orders is to deter* violations of the securities laws by depriving violators of their ill-gotten gains." [Citations omitted]." 137 S.Ct. at 1643

[3] *Accord Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168 (1963) (recognizing that one of the two "traditional aims of punishment" is "deterrence".

[4] *Accord Tate v. District of Columbia*, 627 F.3d 904, 909 (D.C. Cir. 2010) (impound "deters drivers from committing traffic and parking infractions"); *Brewster v. Los Angeles*, 2020 WL 5991621 at *7 (C.D. Cal. 2020).

PLAINTIFF'S SUPPLEMENTAL BRIEF ON CRUEL AND
UNUSUAL PUNISHMENT – 1
(3:20-cv-05925-RJB)

POT011-0001 6485957.docx

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

§10.14.040, by authorizing officers to impound vehicles that violate LMC §10.14.020, it vests

them with the power to use the threat of impound as a way to deter this parking violation.[5]

**B.      Lacey's officers successfully used §10.14.040 as a means of deterring Potter and the other vehicle-sheltered people from living in the City Hall public parking lot. They left Lacey after they were threatened with impound of their home.**

Lacey police officers used their impound authority provided by §10.14.040 to threaten

to impound Potter's trailer unless he immediately left the public parking lot behind Town Hall.

*Dkt.* #18, ¶¶ 74-75, 78.  The 27 homeless people who had been living there in their vehicles all

left when police told them they would be fined and their cars impounded if they did not.  *Id.*,

¶¶ 72, 74, 79.  When asked, one officer admitted that the ordinance was about kicking everyone

who lives in a vehicle out of Lacey.  *Dkt.* #21, ¶17.  On October 1, 2019, an officer told Potter

"if the tow truck hitched up to [his] vehicle there would be no second chances and it would be

impounded." *Dkt.* #18, ¶78.  Potter left and he has not "parked" in Lacey after that. *Id.*, ¶¶ 80,

86, 87.  Potter, and several other homeless people who had been living in the Lacey Town Hall

parking lot "moved" to Olympia and "parked" there.  *Dkt.* #20, ¶13.

**C.      Punishing people for "sleeping or resting" in public places when there is no other place for them to do that violates the Eighth Amendment.**

*Martin v. Boise*, 920 F.3d 584, 616-17 (9th Cir. 2019) holds that the Eighth Amendment

prohibits the state from punishing an involuntary act or condition if it is an "unavoidable

consequence of being human."  As a result, just as the State may not punish people for "being

homeless in public places," it cannot punish them for "sitting, lying, or sleeping" on the streets

---

[5] Before one can recover an impounded vehicle, Washington law requires the owner to "redeem" the vehicle by paying all accrued towing and storage fees. RCW 46.55.120(1)(f). If those are not paid within fifteen days, then the towing operator *must* then sell the vehicle at a public auction. RCW 46.55.130(1)). Thus, "for the poor, impoundment often means forfeiture. While there are procedures for an owner to recover an impounded vehicle, for the poor who cannot afford the towing and storage fees, these procedures offer little relief." *State v. Villela*, 194 Wn.2d 451, 460 n.3, 450 P.3d 170 (2019).  Both Potter and Gabe Cyr ceased living in Lacey because they feared their vehicle would be impounded and they knew that if it was they "would not be able to afford to pay the fees to get it back and it would be auctioned off."  *Dkt.* #19, ¶36; *Dkt.* #18, ¶80 (same).

---

PLAINTIFF'S SUPPLEMENTAL BRIEF ON CRUEL AND
UNUSUAL PUNISHMENT – 2
(3:20-cv-05925-RJB)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

POT011-0001 6485957.docx

1    because "human beings are biologically compelled to rest." *Id.* at 617.[6]

2    **D.    Lacey failed to designate any safe lot where the vehicle-sheltered homeless can lawfully sleep or rest in their cars for more than four hours.**

3    Despite a legislative declaration that the city was going to designate a public "safe lot"

4    where vehicle-sheltered homeless people could live ("park") for more than four hours, Lacey

5    never created any such place. *Dkt.* #18, ¶¶ 81, 85. *Dkt.* #17, ¶8.  When a City Council member

6    sought assurance that enforcement of the 4-hour law would be delayed so that the homeless

7    people living in the City Hall parking lot in their vehicles "would be able to remain until an

8    alternate location had been designated," Council staff said that was *not* correct and that even

9    without an alternate site, the ordinance *would* be enforced against them. *Dkt. #20,* ¶12. Contrary

10   to *Pimentel v. Los Angeles,* 974 F.3d 917, 922 (9th Cir. 2020),[7] the City Attorney told the

11   Council members that the Eighth Amendment "did not apply to parking regulations." *Id.,* ¶11.

12   There are no first-come, first serve homeless shelters or shelter beds in Lacey. *Id.,* ¶19.  Thus,

13   there is no place within the City where Potter could lawfully sleep or rest in his vehicle for more

14   than four hours a day,  If he attempts to do that, he is subject to the punishments of impoundment

15   of his home (which contains all of his worldly possessions) and a fine. Here, as in *Martin*, "the

16   Eighth Amendment preclude[s] the enforcement of a statute prohibiting sleeping [or resting, or

17   just staying warm] against homeless individuals with no access to alternative shelter." [8]

18

---

19    [6] *Martin* involved the imposition of criminal punishment.  But as this Court has recognized, the Eighth
     Amendment prohibits cruel and unusual "punishment" and whether or not the punishment is labeled as criminal
20    or civil is irrelevant. *Dkt.* #28 at 13:2-2-5, citing *Austin* v. *United States*, 509 U.S. 602, 610 (1993).  Since Lacey's
     ordinance imposes *punishment* on persons who sleep or rest for more than four hours in their vehicles in public
21    places, it violates the Eighth Amendment. The fact that the punishment is labeled a "civil" penalty is irrelevant.
     *Accord Blake v Grants Pass,* 2020 WL 4209227 (D. Or.) at *8-9 (discussing *Martin* and rejecting contention that
22    its holding was not limited to ordinances that impose "criminal" punishments: "for Eighth Amendment purposes .
     . . the result in *Boise* and *Grants Pass* is identical: involuntarily homeless people are punished for engaging in the
23    unavoidable acts of sleeping or resting in a public place when they have nowhere else to go.").

24    [7] The *Pimentel* Court remanded for a district court determination of whether the $63 late fee penalty (which
     could increase to $181 if not paid in 21 days) was constitutionally excessive.  The opinion does not identify any
25    of the eight plaintiffs as being either homeless or poor.

26    [8] Even if the Court were to decide that it didn't violate the Eighth Amendment, Plaintiff submits that Lacey's
     law violates *Wash. Const.*, art. 1, §14, which affords greater protection against cruel punishment. *See, e.g., State
     v. Gregory*, 192 Wn.2d 1, 15, 427 P.3d 621 (2018).

---

PLAINTIFF'S SUPPLEMENTAL BRIEF ON CRUEL AND
UNUSUAL PUNISHMENT – 3
(3:20-cv-05925-RJB)

POT011-0001 6485957.docx

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1

DATED this 19th day of February, 2021.

2

_s/ James E. Lobsenz_

3

James E. Lobsenz WSBA #8787
CARNEY BADLEY SPELLMAN, P.S.

4

701 Fifth Avenue, Suite 3600
Seattle, WA 98104

5

lobsenz@carneylaw.com

6

_s/ Carrie Graf_

7

Carrie Graf WSBA #51999

8

NORTHWEST JUSTICE PROJECT
711 Capitol Way South, Suite 704

9

Olympia, WA 98501
Carrie.graf@nwjustice .org

10

Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S SUPPLEMENTAL BRIEF ON CRUEL AND
UNUSUAL PUNISHMENT – 4
(3:20-cv-05925-RJB)

POT011-0001 6485957.docx

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1

2

## CERTIFICATE OF SERVICE

3

I hereby certify that on this 19th day of February, 2021, I electronically filed the

4

foregoing **PLAINTIFF'S SUPPLEMENTAL BRIEF ON CRUEL AND UNUSUAL PUNISHMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

5

6

**Attorneys for Defendants**

John E. Justice

7

LAW LYMAN DANIEL KAMERRER & BOGDANOVICH PS

PO Box 11880

8

Olympia, WA  98508

jjustice@lldkb.com

9

10

DATED this 19th day of February, 2021.

11

12

_s/ Deborah A. Groth_

Legal Assistant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S SUPPLEMENTAL BRIEF ON CRUEL AND
UNUSUAL PUNISHMENT – 5
(3:20-cv-05925-RJB)

POT011-0001 6485957.docx

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020