**Honorable Robert J. Bryan**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JACK POTTER,<br><br>                          Plaintiffs,<br><br>vs.<br><br>CITY OF LACEY,<br><br>                          Defendant. | **CASE NO. 3:20-cv-05925-RJB**<br><br>**DEFENDANT'S ADDITIONAL BRIEFING RE: CRUEL AND UNUSUAL PUNISHMENT** |

LMC 10.14.020 provides for a monetary penalty of $35 for parking in violation of its provisions and possible impoundment of the offending vehicle. Notice of impoundment is provided in accordance with RCW 46.55.110.[1] Dkt. 9, pg. 11.

**A.    The Cruel and Unusual Punishments Clause is Inapplicable.**

The Eighth Amendment's prohibition of cruel and unusual punishment applies to convicted prisoners. *See Ingraham v. Wright,* 430 U.S. 651, 669-70 (1977). Plaintiff cannot be

---

[1] The Court directed the parties to submit three pages of additional briefing on the plaintiff's sole remaining claim for injunctive relief regarding LMC 10.14.020 based on the Eighth Amendment. Dkt. 28, pg. 13. Defendant's brief is limited to three pages excluding the caption, signature block and cert. of service. LCR 7(e)(6).

**DEFENDANT'S ADDITIONAL BRIEFING RE: CRUEL AND UNUSUAL PUNISHMENT – 1**

**Case No.: 3:20-cv-05925-RJB**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

convicted under LMC 10.14.020. In *Martin v. Boise*, 920 F.3d 584, 615 (9th Cir. 2019) the Court held that the Eighth Amendment, in "rare" cases, also "places substantive limits on what the government may criminalize." LMC 10.14.020 does not criminalize any conduct. Although *Austin v. U.S.*, 509 U.S. 602, 618 (1993) did hold that the Eighth Amendment applied to a *in rem* civil *forfeitures* of property following a criminal conviction, it did so on the basis that *in rem* forfeitures (a permanent deprivation of one's property) have "historically . . . been understood, as least in part, as punishment." Defendant could find no case holding a parking fine or possible temporary impoundment of a vehicle for violation of a parking regulation constitutes "punishment" *under the Cruel and Unusual Punishment clause. See, e.g., Coleman v. Watt*, 40 F.3d 255, 263 (8th Cir. 1994) ("the temporary impoundment of a vehicle cannot fairly be considered a fine, we affirm the district court's dismissal of Coleman's Eighth Amendment claim.") Thus, plaintiff cannot invoke the Eighth Amendment's Cruel and Unusual Punishment's Clause to enjoin the application of LMC 10.14.020 by claiming the fine or possible impoundment constitutes *cruel and unusual punishment.*

**B.     The Fine or Potential Impoundment are not Cruel and Unusual.**

Even if a parking fine or a temporary vehicle impoundment could be considered "punishment" under the 8th Amendment, it would not meet the standard of being "cruel and unusual." The term "cruel" means "[p]leased with hurting others; inhuman; hard-hearted; void of pity; wanting compassion; savage; barbarous; unrelenting." *Bucklew v. Precythe*, ––– U.S. ––––, 139 S. Ct. 1112, 1123, 203 L.Ed.2d 521 (2019). "Cruel" punishments have been described as "inhumane," *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), involving the "unnecessary and wanton infliction of pain," *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (citations omitted), or involving the

DEFENDANT'S ADDITIONAL BRIEFING RE: CRUEL AND UNUSUAL PUNISHMENT – 2

Case No.: 3:20-cv-05925-RJB

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

"superadd[ition] of terror, pain, or disgrace." *Bucklew*, 139 S. Ct. at 1124 (emphasis added). Defendants have found no authority holding a relatively modest ($35) parking fine, or even potential temporary impoundment of a vehicle, were "cruel and unusual"

### C.  LMC 10.14.020 Does Not Impose an Excessive Fine.

In *Pimentel v. City of Los Angeles,* 974 F.3d 917, 921 (2020) the court held that a municipal parking fine could be challenged under the Eighth Amendment's *Excessive Fines Clause*: "To determine whether a fine is grossly disproportional to the underlying offense, four factors are considered: (1) the nature and extent of the underlying offense; (2) whether the underlying offense related to other illegal activities; (3) whether other penalties may be imposed for the offense; and (4) the extent of the harm caused by the offense."

The crux of the inquiry under the Excessive Fines Clause is the principle of proportionality:  A fine is unconstitutionally excessive if it is "grossly disproportional to the gravity of the defendant's offense." *United States v. Bajakjian*, 524 U.S. 321, 3347(1998).   If "the value of the forfeited property is within the range prescribed by the [legislative body], a strong presumption exists that a forfeiture is constitutional." *United States v. Seher*, 562 F.3d 1344, 1371 (11th Cir. 2009).

In *Pimentel*, the court applied the above four factors to an initial parking fine of $63 and held that it was not "grossly disproportionate" to the offense.  For the same reasons stated in *Pimentel*, the fine proscribed by the Lacey City County of $35 and possible impoundment, does not violate the Eighth Amendment.  A city is harmed by cars parked illegally due to increased congestion.  *See,* Dkt. 9, pg. 10.  A fine of $35 deters violations but is not overly large.  No other penalty is likely to deter the conduct.  As *Pimentel* noted, the City Council is given "substantial deference to the broad authority that legislatures necessarily possess in determining the types

DEFENDANT'S ADDITIONAL BRIEFING RE: CRUEL AND UNUSUAL PUNISHMENT – 3

Case No.:  3:20-cv-05925-RJB

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

and limits of punishments" and is not required to produce a "qualitative analysis" to establish "some relationship" between the amount of the fine and the gravity of the offense. *Id.*, at 924. *Pimentel* also rejected a request to include a "means test" in the analysis of the amount of the fine. *Id.* at 924-25.

Recently, in *Seattle v. Long,* 13 Wn.App.2d 709, 731 (2020), *rev. granted*, 196 Wash.2d 1024 (2020) the Court examined whether impoundment of a person's RV (in which he lived full time) was excessive under the 8th Amendment and concluded it was not because the impoundment costs faced by the RV owner were "roughly proportionate" to the cost a City incurred in having a vehicle towed. Similarly here, potential impoundment has not been shown to be "grossly disproportional" to the gravity of a vehicle parking illegally and thus it is not an Excessive Fine under the Eight Amendment.

DATED this 19th day of February, 2021.

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.

*s/ John E. Justice*

John E. Justice, WSBA № 23042
Attorney for Defendants
P.O. Box 11880, Olympia, WA 98508
Phone: (360) 754-3480  Fax: 360-754-3480
Email: jjustice@lldkb.com

**DEFENDANT'S ADDITIONAL BRIEFING RE: CRUEL AND UNUSUAL PUNISHMENT – 4**

Case No.: 3:20-cv-05925-RJB

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

# CERTIFICATE OF FILING & SERVICE

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that on the date specified below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which constitutes service on the following counsel for plaintiff pursuant to LCR 5(f):

**Plaintiff's Attorneys:**

James E. Lobsenz
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
lobsenz@carneylaw.com

Carrie Graf
711 Capitol Way South, Suite 704
Olympia, WA 98501
Carrie.graf@nwjustice.org

Dated this 19th day of February, 2021 at Tumwater, Washington.

*s/ John E. Justice*
John E. Justice

**DEFENDANT'S ADDITIONAL BRIEFING RE: CRUEL AND UNUSUAL PUNISHMENT – 5**

Case No.: 3:20-cv-05925-RJB

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA 98512
P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511*