1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACK POTTER,

                    Plaintiff,

      v.

CITY OF LACEY,

                Defendant.

CASE NO. 3:20-cv-05925-RJB

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 8) and Plaintiff's Motion for Summary Judgment (Dkt. 16). The Court previously issued an order on these motions (Dkt. 28) in which it requested supplemental briefing. This order incorporates that briefing to decide that remaining issue: whether a $35 fine and possible impoundment for violation of a parking ordinance violates the Eighth Amendment or the Wash. Const., art 1, § 14. The Court has considered the pleadings filed regarding the motion and the remaining file.

The facts are in the Court's previous order on the motions for summary judgment (Dkt. 28).  The parking ordinance at issue, Lacey Municipal Code ("LMC") 10.14.020, prohibits parking a recreational vehicle in the City of Lacey for more than four hours.  Plaintiff, Jack Potter, lives in a vehicle trailer and argues that the punishment associated with this ordinance is unconstitutional.  Both Parties move for summary judgment on this issue.

## I.        ANALYSIS

The Eighth Amendment reads: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  None of its three elements, which will be discussed in order, prohibit the parking ordinance at issue here.

**First**, bail is not at issue.

**Second**, neither a parking fine of $35, nor potential impoundment violate the Excessive Fines Clause.  "The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, 'as *punishment* for some offense.'"  *Austin v. U.S.*, 509 U.S. 602, 609 (1993).  It prohibits punitive, as opposed to remedial, fines, *id.*, that are "grossly disproportional to the underlying offense."  *Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020) (citing *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998).  Though there is no rigid set of factors to determine what is grossly disproportional, key considerations include: "(1) the nature and extent of the underlying offense; (2) whether the underlying offense related to other illegal activities; (3) whether other penalties maybe imposed for the offense; and (4) the extent to the harm caused by the offense."  *Id.*  Though the Supreme Court has only applied the Excessive Fines Clause to the criminal forfeiture realm, a municipal fine may be considered "excessive" in the Ninth Circuit.  *Id.*

A $35 fine for violation of a parking ordinance, however, is not "excessive." *Id.* (finding a $63 parking fine not to be grossly disproportionate). Though a parking violation is a "minor" offense, it is "not de minimis." *Id.* at 921. Cities have an interest in regulating parking and, a $35 fine "bears 'some relationship' to the gravity of the offense. *Id.* at 924. "While a parking violation is not a serious offense, the fine is not so large, either, and likely deters violations." *Id.*

Nor can the possibility of impoundment be necessarily considered an excessive fine in this case. Costs associated with impoundment are not necessarily punitive; they can reflect the costs associated with towing and storage. Plaintiff does not provide facts from which it is possible to conclude that the fees associated with impoundment for this parking ordinance would be grossly disproportionate in all instances.

**Third**, the Cruel and Unusual Punishments Clause applies almost exclusively to convicted prisoners, *see Ingraham v. Wright*, 430 U.S. 651, 669–70 (1977), though in "rare" cases it places "substantive limits on what the government may criminalize." *Martin v. City of Boise*, 920 F.3d 584, 615 (9th Cir. 2019). Criminal punishment is not at issue here, so the Cruel and Unusual Punishments Clause does not apply.

Therefore, neither a $35 fine, nor possible impoundment for violation of LMC 10.14.020 violates the Eighth Amendment. Though Wash. Const., art 1, § 14 may provide more protection than the Eight Amendment, that is not always so. *State v. Basett*, 192 Wn.2d 67, 78–79 (2018). The Parties do not provide any authority to suggest a substantive difference applies here, nor is the Court aware of any such authority. *See* Dkts. 16 and 25.

Therefore, it is hereby **ORDERED** that:

- Defendant's Motion for Summary Judgment on Plaintiff's Eighth Amendment and Wash. Const., art 1, § 14 claims **IS GRANTED**;

- Plaintiff's Motion for Summary Judgment on his Eighth Amendment and Wash. Const., art 1, § 14 claims **IS DENIED**;

- This matter **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 10th day of March, 2021.

ROBERT J. BRYAN
United States District Judge